# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWNTIE SERVELLO, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-145E |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| SAINT VINCENT HEALTH | ) | Magistrate Judge Baxter |
| CENTER, et al, | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

### II.    REPORT

This civil rights action was filed in this Court on June 10, 2015. To date, this case has not been served on any Defendant as Plaintiff has failed to cooperate with the U.S. Marshal Service in its efforts in this regard.

By Order dated September 16, 2015, this Court directed Plaintiff to show cause for his failure to cooperate with the U.S. Marshal Service before September 28, 2015. The Order warned that failure to comply may result in the dismissal of this action based upon his failure to prosecute.

To date, Plaintiff has not responded.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  This case is several months old, yet Plaintiff has not taken the initial steps to accomplish service.  Without service on Defendants, this case cannot proceed.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.  Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is recommended that this action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

October 16, 2015